```
              DISTRICT COURT OF THE VIRGIN ISLANDS
               DIVISION OF ST. THOMAS AND ST. JOHN
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 2014-36 |
| ) | |
| OSKAR LALANNE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ATTORNEYS:**

**Ronald Sharpe, United States Attorney**
**Ishmael Meyers, Jr., AUSA**
United States Attorney's Office
St. Thomas, VI
　　*For the United States of America,*

**Omodare Jupiter, Federal Public Defender**
**Gabriel J. Villegas, AFD**
Office of the Federal Public Defender
St. Thomas, VI
　　*For defendant Oskar Lalanne.*

## ORDER

**GÓMEZ, J.**

　　Before the Court are the defendant's motion for an extension of time to file pretrial motions and the defendant's application for waiver of his speedy trial. For the reasons stated herein, the time to try this case is extended up to and including November 28, 2014.

　　The indictment in this matter was filed on June 12, 2014. In it, the defendant is charged with producing false identification documents, specifically false Haitian birth certificates. On July 29, 2014, the United States filed a notice of its intent to use an expert witness. The United States indicates that the proposed expert would testify regarding the authenticity of documents obtained from

*United States v. Lalanne*
Criminal No. 2014-36
Order
Page 2

Lalanne's computer and office. The defendant represents that he seeks a continuance and wishes to waive his right to a speedy trial because of the need to do further investigation regarding witnesses that may reside in Haiti, the need to retain his own expert, the desire to consider any possible plea offers, and his good-faith belief that additional motions practice will be necessary to his defense.

While the Speedy Trial Act requires that a defendant be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice for several reasons.  First, an extension is necessary to allow counsel to file what additional motions, if any, counsel deems necessary to Lalanne's defense.  Second, the defense requires additional time to do investigation in Haiti. Third, the defendant made this request with the advice and consent of counsel.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an ends of justice continuance may in appropriate circumstances be granted."  *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994)(citing *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994)("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial...even though a case is not complex"))*; see also United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982), *cert. denied*, 460 U.S. 1071 (1983) (no abuse of discretion where district court found that  multiple count, multiple defendant "case was complex and required additional time for

*United States v. Lalanne*
Criminal No. 2014-36
Order
Page 2

Lalanne's computer and office. The defendant represents that he seeks a continuance and wishes to waive his right to a speedy trial because of the need to do further investigation regarding witnesses that may reside in Haiti, the need to retain his own expert, the desire to consider any possible plea offers, and his good-faith belief that additional motions practice will be necessary to his defense.

While the Speedy Trial Act requires that a defendant be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice for several reasons.  First, an extension is necessary to allow counsel to file what additional motions, if any, counsel deems necessary to Lalanne's defense.  Second, the defense requires additional time to do investigation in Haiti. Third, the defendant made this request with the advice and consent of counsel.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an ends of justice continuance may in appropriate circumstances be granted."  *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994)(citing *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994)("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial...even though a case is not complex")); *see also United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982), *cert. denied*, 460 U.S. 1071 (1983) (no abuse of discretion where district court found that  multiple count, multiple defendant "case was complex and required additional time for

*United States v. Lalanne*
Criminal No. 2014-36
Order
Page 3

adequate preparation."); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("district court did not abuse its discretion [by delaying trial] to give counsel ... opportunity to...decid[e] upon and prepar[e] an appropriate defense.")

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through November 28, 2014, shall be excluded in computing the time within which a trial must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the defendant shall file any motions in this matter no later than October 24, 2014; it is further

**ORDERED** that the omnibus hearing in this matter shall commence promptly at 9:00 AM on November 10, 2014; and it is further

**ORDERED** that the trial in this matter, previously scheduled for August 18, 2014, is **RESCHEDULED** to commence promptly at 9:00 AM on November 17, 2014.

S\_____
**Curtis V. Gómez**
**District Judge**